J-S05015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRIAN LEE LAUVER, | |
| Appellant | No. 1228 MDA 2016 |

Appeal from the Judgment of Sentence Entered June 23, 2016
In the Court of Common Pleas of Perry County
Criminal Division at No(s):
CP-50-CR-0000006-2013
CP-50-CR-0000042-2013
CP-50-CR-0000186-2011
CP-50-CR-0000187-2011
CP-50-CR-0000407-2009
CP-50-CR-0000409-2009

BEFORE:  BENDER, P.J.E., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED APRIL 18, 2017**

Appellant, Brian Lee Lauver, appeals from the judgment of sentence of 11 to 23 months' incarceration, followed by 2 years' probation, imposed after he violated a prior term of probation.  Appellant solely argues on appeal that the trial court erred by not giving him credit for 133 days of pretrial incarceration.  After careful review, we vacate Appellant's judgment of sentence and remand for resentencing.

---

[*] Retired Senior Judge assigned to the Superior Court.

On October 17, 2011, Appellant pled guilty to one count of receiving stolen property, 18 Pa.C.S. § 3925(a). He was sentenced on November 3, 2011, to a term of 3 years' probation for that offense. Appellant subsequently violated the terms of his probation by failing to pay restitution to the victim. On June 23, 2016, the trial court revoked Appellant's probation and resentenced him to 11 to 23 months' incarceration, followed by 2 years' probation. The court directed that Appellant receive credit for time served from June 8 to June 23 of 2016. N.T. Sentencing Hearing, 6/23/16, at 7.

Appellant filed a timely post-sentence motion, asserting that "his sentence was harsh[,]" and requesting to be resentenced "to time served and probation." Post-Sentence Motion, 7/5/16, at 1. On July 7, 2016, the trial court denied Appellant's post-sentence motion. He then filed a timely notice of appeal, as well as a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court filed a Rule 1925(a) opinion, dated September 29, 2016. Herein, Appellant raises one issue for our review, arguing that the trial court erred by not giving him "credit for previous times that he was incarcerated for [probation] violations[.]" Appellant's Brief at 6.

Preliminarily, the trial court concludes that Appellant has waived his sentencing claim by not raising it orally at the sentencing hearing, or in his post-sentence motion. **See** Trial Court Opinion (TCO), 9/29/16, at 2 (unnumbered). However, this Court has declared that, "[a]n attack upon the court's failure to give credit for time served is an attack upon the legality

of the sentence and cannot be waived." ***Commonwealth v. Davis***, 852 A.2d 392, 399 (Pa. Super. 2004). Accordingly, the trial court's waiver analysis is erroneous, and we will review the merits of Appellant's sentencing claim.

Briefly, Appellant avers that he is entitled to credit for a total of 133 days of time he spent incarcerated prior to the revocation/resentencing hearing in this case. Appellant lists specific dates during which he was allegedly imprisoned in this case, including from January 17 to January 27 of 2014. The trial court and the Commonwealth agree that Appellant must be credited for the 10 days spanning those dates. ***See*** TCO at 3 (unnumbered); Commonwealth's Brief at 4. Accordingly, we vacate Appellant's judgment of sentence and remand for a resentencing hearing, at which the court shall give Appellant credit for the time he served from January 17 to January 27 of 2014.

Regarding the various other date-ranges to which Appellant claims he is entitled credit, the trial court concludes that those "periods of incarceration are attributable to Appellant's other cases." TCO at 3. The record currently before us does not permit us to determine whether this conclusion by the trial court is correct, as no evidence was presented at Appellant's initial sentencing hearing regarding his credit-for-time-served issue. Thus, we direct that at the resentencing hearing, the court permit Appellant to present evidence to support his claim that he is entitled to credit for the other periods of incarceration that he asserts herein.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judge Panella joins this memorandum.

Judge Platt files a concurring and dissenting memorandum.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/18/2017